UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE D. GARCIA, | CASE NO. 1:09-cv-02253-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 1) |
| JAMES A. YATES, et al., | AMENDED COMPLAINT DUE OCTOBER 3, 2011 |
| Defendants. | |

## **SCREENING ORDER**

I. **PROCEDURAL HISTORY**

On August 27, 2009, Plaintiff Jorge D. Garcia, a state prisoner proceeding pro se and in forma pauperis, filed a civil claim in the Superior Court of the State of California, County of Fresno. (ECF No. 1). Defendants removed the matter to this Court on the grounds that the claims arise under 42 U.S.C. § 1983. (Id.) Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 5). Plaintiff's Complaint is before the Court for screening.

II. **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief

against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

///

### III. **PLAINTIFF'S CLAIMS**

James A. Yates, Warden, Pleasant Valley State Prison (PVSP), Dr. F. Igbinoza, Chief Medical Officer, PVSP, and ten Jon Does are named defendants in this action.

Plaintiff alleges the following:

Defendants were made aware by experts that PVSP staff and inmates had contracted Valley Fever. (Compl. at 6). Plaintiff requested and was denied transfer to a prison where the disease was not endemic. (Id. at 5). Defendants exhibited deliberate indifference by exposing Plaintiff to an environment prone to the contraction of Valley Fever. (Id.) Plaintiff did contract Valley Fever. (Id. at 7). Defendants propagated an unwritten policy that prevented prisoners infected with Valley Fever from being transferred. (Id.) The exposure itself constituted a denial of adequate medical care. (Id. at 5). "Plaintiff [was] . . . denied adequate medical treatment for the symptoms of blood-tinged sputum, chest pains, blurred vision, sensitivity to light, excessive sweating, muscle stiffness, headaches, loss of appetite, night sweats, weight loss, chills, cough, fever, wheezing, and change in mental status . . . ." (Id.) Plaintiff's immune system was damaged because he was prescribed Difluca for a period in excess of the medication's ninety day limit. (Id. at 7). His many administrative appeals regarding medical care were deliberately ignored.

Plaintiff contends that the aforementioned circumstances violated his Eighth Amendment rights. The Court discerns three separate grounds for the alleged Eighth Amendment violations: (1) not permitting prison transfer, (2) failure to adequately treat symptoms, and (3) prescribing an overdose of medication. In addition, although not specifically alleged, the facts pled regarding ignored administrative appeals could be read as a possible Due Process claim. The Court will address each claim below.

#### A. **Section 1983 Linkage Requirement**

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962,

1  969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this
2  plausibility standard. Id.

3  The statute clearly requires that there be an actual connection or link between the
4  actions of the defendants and the deprivation alleged to have been suffered by the plaintiff.
5  See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials
6  may not be held liable for the actions of their subordinates under a theory of respondeat
7  superior. Iqbal, 129 S.Ct. at 1948. Since a government official cannot be held liable under
8  a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing
9  that the official has violated the Constitution through his own individual actions. Id. at
10 1948. In other words, to state a claim for relief under § 1983, Plaintiff must link each
11 named defendant with some affirmative act or omission that demonstrates a violation of
12 Plaintiff's federal rights.

13 Even if Plaintiff had otherwise stated a cognizable claim, it could not proceed
14 because he has attributed liability for the alleged constitutional violations to all of the
15 Defendants generally rather than identifying any particular wrongful action taken by a
16 particular individual. See, e.g., K'napp v. Yates, 2009 WL 2246781, *2 (E.D. Cal. July 28,
17 2009). Plaintiff alleges that Defendants Yates and Igbinoza are supervisors at PVSP. He
18 made no effort to distinguish any of the ten John Does from each other. Plaintiff asserted
19 that "[t]he Defendants and each and every one of them, in their acts, have violated
20 Plaintiff's Eighth Amendment rights . . ." (Compl. at 7) without providing factual detail as to
21 how each defendant was involved in violating his rights. Section 1983's linkage
22 requirement has not been satisfied. Plaintiff has not stated a cognizable claim.

23         1.    Supervisory Liability

24 To state a claim for relief under Section 1983 based on a theory of supervisory
25 liability, Plaintiff must allege facts to support a claim that supervisory Defendants either:
26 personally participated in the alleged deprivation of constitutional rights; knew of the
27 violations and failed to act to prevent them; or promulgated or "implemented a policy so
28 deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving

force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

### 2. John Does

"John Doe" defendant liability also must be properly alleged. A plaintiff may use "Doe" designations to refer to defendants whose names are unknown; however, he must number them in the complaint, e.g., "John Doe 1," "John Doe 2," or otherwise distinguish each defendant, e.g., "Difluca Prescribing John Doe," so that every John Doe refers to a different specific person. Plaintiff also must identify how each such named defendant, including those named as Doe, is liable for a constitutional violation. Dempsey v. Schwarzenegger, 2010 WL 1445460, *2 (N.D. Cal. Apr. 9, 2010); Schrubb v. Tilton, 2009 WL 3334874, *2 (N.D. Cal. Oct. 14, 2009).

The Court will grant Plaintiff leave to amend his complaint so that he might undertake to link the specifically identified Defendants to the alleged wrongful conduct. That initial threshold must be crossed before the Court can reach the merits of the Complaint. To state a claim against a named Defendant, Plaintiff must set forth sufficient truthful facts to show that each named Defendant personally took some action that violated Plaintiff's constitutional rights. If he cannot do that with regard to a specific Defendant or Defendants, he should not proceed against that Defendant(s). The mere fact that some of the Defendants may have supervised those responsible for the alleged violations is not enough.

The Complaint does not state a cognizable claim because no factual allegations link any Defendant to the alleged constitutional violations. Nevertheless, the following sections of this Screening Order are intended to set out legal standards applicable to the claims the Court believes Plaintiff may have wanted to assert. Should Plaintiff chose to amend, he must include sufficient truthful factual allegations to satisfy these legal standards and section 1983's linkage requirement.

### B. Eighth Amendment

The Eighth Amendment prohibits the imposition of cruel and unusual punishment.

1  Estelle v. Gamble, 429 U.S. 97, 102 (1976).  A prison official violates the Eighth
2  Amendment only when two requirements are met: (1) the objective requirement that the
3  deprivation is "sufficiently serious," and (2) the subjective requirement that the prison
4  official has a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834
5  (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

6       The objective requirement that the deprivation be "sufficiently serious" is met where
7  the prison official's act or omission results in the denial of "the minimal civilized measure
8  of life's necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).  The
9  subjective requirement that the prison official has a "sufficiently culpable state of mind" is
10 met where the prison official acts with "deliberate indifference" to inmate health or safety.
11 Id. (quoting Wilson, 501 U.S. at 302-303).  A prison official acts with deliberate indifference
12 when he or she "knows of and disregards an excessive risk to inmate health or safety." Id.
13 at 837.  "[T]he official must both be aware of facts from which the inference could be drawn
14 that a substantial risk of serious harm exists, and he must also draw the inference." Id.

15      1.     Prison Transfer Policy

16      The Complaint alleged that Defendants violated Plaintiff's Eighth Amendment rights
17 by not transferring him to a prison with a lower risk for the contraction of Valley Fever.  The
18 courts of this district have found such claims to be insufficient.  Claims based on Valley
19 Fever exposure and contraction fail to satisfy the first prong of the Eighth Amendment
20 analysis, i.e., that the deprivation is sufficiently serious.  "[T]o the extent that Plaintiff is
21 attempting to pursue an Eighth Amendment claim for the mere fact that he was confined
22 in a location where Valley Fever spores existed which caused him to contract Valley Fever,
23 he is advised that no courts have held that exposure to Valley Fever spores presents an
24 excessive risk to inmate health.'" Cooper v. Yates, 2010 WL 4924748, *2 (E.D. Cal. Nov.
25 29, 2010) (citing King v. Avenal State Prison, 2009 WL 546212, *4 (E.D. Cal. Mar. 4,
26 2009)); see also Tholmer v. Yates, 2009 WL 174162, *3 (E.D. Cal. Jan. 26, 2009) ("To the
27 extent Plaintiff seeks to raise an Eighth Amendment challenge to the general conditions
28 of confinement at PVSP, Plaintiff fails to allege facts that indicate Defendants are

-6-

1  responsible for the conditions of which Plaintiff complains," such as "acts or omissions of
2  Defendants have caused an excessively high risk of contracting valley fever at PVSP").
3  Plaintiff does not have a general constitutional right or protected liberty interest in being
4  housed at a particular prison facility or in being transferred to a different prison facility. See
5  Olim v. Wakinekona, 461 U.S. 238, 248 (1983); Meachum v. Fano, 427 U.S. 215, 224-25
6  (1976) ("Confinement in any of the State's institutions is within the normal limits or range
7  of custody which the conviction has authorized the State to impose").  In order to state a
8  cognizable claim, Plaintiff must include additional truthful facts that demonstrate how the
9  constitutional violation is based on more than merely being detained at PSVP and denied
10 transfer.

   2.    Inadequate Medical Care

12  Plaintiff alleges that Defendants failed to provide adequate medical care.  "[T]o
13 maintain an Eighth Amendment claim based on prison medical treatment, an inmate must
14 show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091,
15 1096 (9th Cir. 2006) (quoting Estelle, 429 U.S. at 106).  The two part test for deliberate
16 indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating
17 that 'failure to treat a prisoner's condition could result in further significant injury or the
18 unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need
19 was deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d
20 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104
21 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)).

22  Plaintiff alleges that his numerous symptoms were not adequately treated and he
23 was given Difluca for a period of time that exceed its medical limit.  Attachments to the
24 Complaint show that Plaintiff received treatment.  Plaintiff does not allege that, in either
25 case, any particular Defendant acted with deliberate indifference.  The allegations of
26 inadequate medical care, as they stand, do not rise above claims of negligence or medical
27 malpractice.  "Medical malpractice does not become a constitutional violation merely
28 because the victim is a prisoner."  Estelle, 429 U.S. at 106.  Even gross negligence is

insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff's inadequate medical care claims fail to state a claim under section 1983. In order to state a claim for a violation of the Eighth Amendment based on inadequate medical care, Plaintiff needs to set forth sufficient facts showing (1) a serious medical need and (2) a deliberately indifferent response to that need on the part of the Defendants. The fact that Plaintiff disagreed with the care he was provided is not sufficient to show a constitutional violation. He must show that the "course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course of treatment in conscious disregard of an excessive risk to [Plaintiff's] health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). Plaintiff should be mindful of these requirements when alleging inadequate medical care in his amended complaint.

### C. Due Process

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

In Mann v. Adams, 855 F.2d 639 (9th Cir. 1988), the Ninth Circuit held that a prisoner does not have a claim of entitlement to a grievance procedure. 855 F.2d at 640. This was reiterated in Ramirez v. Galarza, 334 F.3d 850 (9th Cir. 2003), when the Ninth Circuit observed that inmates do not have a separate constitutional entitlement to a grievance procedure. Thus, the case law is clear that Plaintiff is not entitled, as a matter of federal law, to a particular grievance procedure.

Plaintiff has a First Amendment right to file prison grievances but does not have a

right to any particular response. Johnson v. Subia, 20010 WL 3767732, *2 n. 3 (E.D. Cal. Sept. 22, 2010). Because a response to Plaintiff's 602 appeal does not implicate a liberty interest, Plaintiff cannot state a cognizable Due Process claim on this basis. Because there is no constitutional right to a particular grievance procedure, if Plaintiff chooses to file an amended complaint, he would be well served focusing his efforts on his Eighth Amendment claims.

## IV.   CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as

true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint filed August 27, 2009;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint by October 3, 2011; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to prosecute.

IT IS SO ORDERED.

Dated:   August 23, 2011            /s/ *Michael J. Seng*
ci4d6                                UNITED STATES MAGISTRATE JUDGE