UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE D. GARCIA, | CASE NO.   1:09-cv-02253-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A COGNIZABLE CLAIM |
| v. | |
| JAMES A. YATES, et al., | (ECF No. 9) |
| Defendants. | CLERK SHALL CLOSE THE CASE |

## SCREENING ORDER

I. **PROCEDURAL HISTORY**

On August 27, 2009, Plaintiff Jorge D. Garcia, a state prisoner proceeding pro se and in forma pauperis, filed a civil claim in the Superior Court of the State of California, County of Fresno. (ECF No. 1.) Defendants removed the matter to this Court on the grounds that the claims arise under 42 U.S.C. § 1983. (Id.) Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 5.) Plaintiff's Complaint (ECF No. 1) was screened and dismissed, with leave to amend, on August 23, 2011, for failure to state a cognizable claim. (ECF No. 8.) Plaintiff's First Amended Complaint is now before the Court for screening. (ECF No. 9.)

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III. SUMMARY OF COMPLAINT

Plaintiff identifies the following individuals as Defendants in this action: (1) James A. Yates, Warden, Pleasant Valley State Prison ("PVSP"); (2) Dr. F. Igbinoza, Chief Medical Officer, PVSP; (3) John Doe # 1, Doctor, PVSP; (4) Dr. Jameson; (5) Dr. Mui; (6) John Doe # 2; and (7) Dr. Wilson, Level IV, PVSP.

Plaintiff alleges the following:

On January 12, 2006 Plaintiff was sent to the x-ray room from the yard clinic. A week prior he had experienced fever, chills, and night sweats and had trouble breathing and sleeping. (Compl. at 3.) The x-ray report stated "no oxygen on small part of the lung," indicating that Plaintiff's left lung was collapsing. (Id.) At the time of the x-ray Dr. John Doe # 1 sent Plaintiff back to his cell with "some pills." (Id.) By leaving Plaintiff with medication as the only treatment for a collapsing lung, Doe # 1 exhibited "deliberate indifference to [Plaintiff's] health, nothing else was done to alleviate [Plaintiff's] pain or

1  investigate the cause of [Plaintiff's] lung collapsing.  At this point, [Doe # 1] knew these
2  were 'Valley Fever' symptoms but [Doe # 1] send [Plaintiff] back to [his] cell with great pain
3  for the next 7 days."  (Id.)

4     By January 19, 2006, the symptoms had not subsided.  The yard clinic sent Plaintiff
5  to the x-ray room again.  Examination showed that Plaintiff's left lung had collapsed
6  completely and was taking on fluid.  (Id. at 4.)  Plaintiff was hospitalized with "pneumonia,
7  dehydration, high fever, chest pain, difficulty breathing and with the left lung totally
8  collapsed."  (Id.)  Had Doe # 1 provided the proper medical procedure after the initial x-ray,
9  Plaintiff's condition would not have needed hospitalization.  (Id.)

10    Plaintiff's lung was drained at University Medical Center in Fresno City.  A team of
11 doctors at the medical center recommended surgery and Plaintiff consented.  Later the
12 doctors decided against the surgery because it "was too risky.'"  (Id. at 4.)  Plaintiff alleges
13 that Dr. F. Igbinoza denied the surgery.  (Id.)  The doctors recommended a different
14 surgery. Again Plaintiff consented.  The attending doctors decided that surgery also was
15 too risky.  Plaintiff was returned to PVSP and began to see specialists "but . . . believe[s]
16 that whatever they said was worthless because John Doe # 2 was stopping future
17 treatments."  (Id. at 5.)  Plaintiff continued to experience painful symptoms.

18    On January 29, 2009, Dr. Jameson changed Plaintiff's medication.  On March 17,
19 2010, Plaintiff's Valley Fever infection was low and Dr. Mui concluded that Plaintiff no
20 longer needed medication.  (Id.)  On May 5, 2010, Dr. Wilson observed an increase in
21 some measure of Valley Fever infection and resumed the medication originally ordered by
22 Dr. Jameson.  Seven days later Dr. Mui observed that Plaintiff's Valley Fever was at zero
23 and ordered more tests.  On June 18, 2010, Dr. Wilson reported to Plaintiff that his Valley
24 Fever was getting worse.  Plaintiff never received the medication prescribed by Dr. Wilson
25 on May 5, 2010.  His medication resumed on June 25, 2010.  (Id. at 6.)

26    Plaintiff concludes that the aforementioned conduct amounted to inadequate
27 medical care in violation of the Eighth Amendment.

28 ///

## IV. ANALYSIS

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

Plaintiff claims that he received inadequate medical care in violation of the Eighth Amendment. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). "Medical" needs include a prisoner's "physical, dental, and mental health." Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982); Hunt v. Dental Dept., 865 F.2d 198, 200 (9th Cir. 1989) ("[T]he Eighth Amendment requires that prisoners be provided with a system of ready access to adequate dental care.").

The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other

grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). The complete denial of medical attention may constitute deliberate indifference. Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. McGuckin, 974 F.2d at 1060. In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994). '[A] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim.'" Turner v. Greenman, 2011 WL 1343120, *3 (E.D. Cal. Apr. 7, 2011) (quoting Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

"[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. The Ninth Circuit has held that mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). To state an Eighth Amendment claim in this case, Plaintiff must show that the "course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course of treatment in conscious disregard of an excessive risk to [Plaintiff's] health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

     The symptoms Plaintiff describes - pneumonia, dehydration, high fever, chest pain, and difficulty breathing - are sufficiently severe to satisfy the first element of Plaintiff's Eighth Amendment claim, i.e., they allege a serious medical need. McGuckin, 974 F.2d at 1059-60 ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.") The first element is satisfied as to all Defendants; the only remaining question is whether Plaintiff has alleged sufficient facts to support the allegation that the Defendants exhibited deliberate indifference to his serious medical needs.

     For the second element, it appears Plaintiff's inadequate medical care claim relates to three distinct events or series of events: (1) Doe # 1's failure to employ the correct medical treatment on or about January 12, 2006; (2) Dr. Igbinoza's refusal to allow recommended surgeries and Doe # 2's refusal to follow specialists recommendations; and (3) the delay in medication from March 17, 2010 to June 25, 2010.

     For the reasons discussed below, the Court finds that Plaintiff has failed to adequately plead that any of these events or series of events amounted to deliberate indifference.

     **A.**    **Incorrect Medical Treatment**

     On January 12, 2006, an x-ray of Plaintiff's lungs showed that there was "no oxygen on small part of the lung." (Compl. at 3.) Within seven days Plaintiff's lung collapsed. (Id. at 4.) Plaintiff alleges that Doe # 1's treatment with medication alone amounted to deliberate indifference. The Courts previous screening order instructed Plaintiff that to state a claim he had to allege something more than either his disagreement with the Defendants' medical choices or that those choices were made negligently. He was told that to state a cognizable claim he must allege that the Defendant adopted a medically unacceptable course of treatment in conscious disregard of its creating an excessive risk to Plaintiff's health. (ECF No. 8 at 7, 8) (citing Estelle, 429 U.S. at 106; McIntosh, 90 F.3d

-6-

at 332).

There are no allegations in the amended Complaint to suggest that Doe # 1's treatment of Plaintiff's not-yet-collapsed lung was medically unacceptable under the circumstances or that Doe # 1 otherwise acted in conscious disregard of Plaintiff's health. Since Plaintiff was instructed on the applicable legal standard and he undertook to amend but presented an amendment that remains inadequate, further leave to amend would be pointless. Plaintiff's claim against John Doe # 1 is dismissed with prejudice.

### B.     Denial of Surgeries and Recommendations

Plaintiff alleges that two surgeries were proposed while he was hospitalized, but in each case, the doctors who originally recommended surgery later decided the procedures were too risky. (Compl. at 4, 5.) Plaintiff also alleges that Dr. Igbinoza would not authorize the surgeries. (Id. at 4.) Such allegations do not constitute a cognizable claim against Dr. Igbinoza. Even if it was Dr. Igbinoza who decided the surgeries should not go forward, Plaintiff's own pleadings make it clear that medical advice against surgery was followed. The determination not to operate under those circumstances can not be said to reflect a conscious disregard for Plaintiff's well-being. After Plaintiff was released from the medical center, he was returned to PVSP where he began seeing specialists. Plaintiff "believes whatever [the specialists] said was worthless [sic] because John Doe # 2 was stopping future treatments." (Id. at 5.) The First Amended Complaint does not explain how Doe # 2's conduct amounts to deliberate indifference. To the extent Plaintiff is asserting that Doe # 2 disagreed with the specialists, Plaintiff has not stated a cognizable claim. "[A] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.1981) (internal citation omitted); see also Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989) (prison officials were not deliberately indifferent where one physician recommended surgery, but subsequent treating physicians concluded surgery was unnecessary). Plaintiff's claim against Doe # 2 is purely conclusory and cannot be the basis for a cognizable claim. Iqbal, 129 at 1949.

The Court's previous screening order gave Plaintiff notice of the essential elements of a cognizable inadequate medical care claim. Plaintiff has failed to satisfy those elements with respect to Dr. Igbinoza and John Doe # 2. Accordingly, his amended claims against them are dismissed with prejudice.

### C.     Delayed Medication

Plaintiff alleges that he was deprived of his medication from March 17, 2010 until June 25, 2010 in violation of his Eighth Amendment right to adequate medical care. (Compl. at 6.)

Plaintiff was prescribed the medication by Dr. Jameson on January 29, 2009. Dr. Mui determined the medication was unnecessary on March 17, 2010. On May 5, 2010, the medication was to be resumed based on new test results. (Id. at 5.) The medication was not resumed until June 25, 2010, after an appointment with Dr. Wilson.

Factual allegations in the First Amended Complaint indicate that the measure of Plaintiff's Valley Fever infection changed regularly. Dr. Mui observed Plaintiff on March 17, 2010, when Plaintiff's Valley Fever infection metric was low, at "1:04", and ordered his medication stopped. (Id. at 5, 6.) By contrast, on May 5, 2010, Plaintiff's Valley Fever had increased to "1:08", at which time Dr. Wilson ordered Plaintiff's medication restarted. (Id. at 6.) There are no facts to indicate any of the doctors' behavior was the product of anything other than the exercise of medical judgment. Even if that judgment were poor or even negligent, it would not thereby satisfy the deliberate indifference element necessary to a constitutional claim. Estelle, 429 U.S. at 106.

Plaintiff alleges he was deprived of medication from March 17, 2010, until June 25, 2010. (Compl. at 6.) The medication lapse is not attributed to any deliberate indifference. Plaintiff's claims against Drs. Mui, Wilson, and Jameson are dismissed with prejudice.

## V.     CONCLUSION AND ORDER

For the reasons stated above, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted and that leave to amend would be futile. See Noll v. Carson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Accordingly, Plaintiff's First

1  Amended Complaint is DISMISSED WITH PREJUDICE for failure to state a claim.  The
2  Clerk shall close the case.

4  IT IS SO ORDERED.

5  Dated:     November 30, 2011            /s/ *Michael J. Seng*
   ci4d6                                   UNITED STATES MAGISTRATE JUDGE